UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANITA ROBERTSON,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1431** |
| **STATE FARM FIRE &<br>CASUALTY COMPANY,**<br>    Defendant | **SECTION: "E" (3)** |

# ORDER

Before the Court is a motion for summary judgment filed by Defendant, seeking summary judgment in its favor on all of Plaintiff's claims.[1] Plaintiff filed no opposition.

The Court may not simply grant a motion for summary judgment because it is unopposed.[2] "The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion."[3] The proper inquiry to an unopposed motion for summary judgment is to determine whether the facts advanced in the motion and supported by evidence make out a prima facie case that the movant is entitled to judgment.[4] A movant is entitled to summary judgment when the movant shows there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law.[5] However, when a motion for summary judgment is unopposed, the Court may accept the movant's evidence as undisputed.[6]

---

[1] R. Doc. 40.
[2] *Clifton v. Famous Bourbon Management Group, Inc.*, 762 F.Supp.3d 480, 488 (E.D. La. Jan. 15, 2025).
[3] *Id.* (citing *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 805-06 (5th Cir. 2012)).
[4] *Id.*
[5] *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n. 3 (5th Cir. 1995).
[6] *Chauvin v. Town of Franklinton*, No. 24-2485, 2025 WL 2481232, *2 (E.D. La. Aug. 28, 2025) (citing *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015)).

This action arises from an insurance-coverage dispute regarding property allegedly damaged by Hurricane Ida, specifically Plaintiff's house.[7] Plaintiff and Defendant previously settled the underlying action for damages to the house at a settlement conference on April 19, 2024.[8] As part of that settlement, Plaintiff released State Farm from all of the claims that were or could have been brought arising from Hurricane Ida.[9] Plaintiff subsequently filed the instant action, alleging Defendant failed to pay recoverable depreciation, failed to timely tender settlement proceeds, and acted in bad faith in effectuating the settlement.[10]

Plaintiff alleges that Defendant acted in bad faith because the agreement reached at the settlement conference—reflected in the transcript of that conference—constituted the final "written settlement agreement."[11] Plaintiff alleges that the transcript triggered a 30-day deadline for Defendant to fund the settlement, which Defendant failed to meet, and that Defendant misrepresented the scope of the "release" in violation of its duty of good faith.[12]

Defendant responds that Plaintiff misunderstands the scope and effect of the settlement agreement reached at the settlement conference.[13] Defendant argues that the parties merely reached the broad terms of a settlement agreement at the conference, which were read into the record.[14] Judge Dossier instructed the parties to reduce the agreement to a formal writing setting forth the details of the agreement, and instructed

---

[7] R. Doc. 38-1 at pp. 3-7.
[8] R. Doc. 32-2.
[9] R. Doc. 38-1 at pp. 11-12.
[10] R. Doc. 1.
[11] *Id.* at ¶ 8.
[12] *Id.* at ¶¶ 7-8, 19, 20, 22, and 29.
[13] R. Doc. 38-1 at p. 16.
[14] *Id.*

the parties to file a joint motion to dismiss once the settlement was consummated.[15] The parties further agreed Defendant would fund the settlement within 20-days after the written settlement agreement was executed.[16] The settlement agreement was executed on June 7, 2024.[17] On June 18, 2024, eleven days later, Plaintiff received and accepted Defendant's settlement check.[18]

All claims brought in the original action arose under state law. Accordingly, the Court applies Louisiana state law principles of contractual interpretation to interpret the release of Plaintiff's state law claims.[19] Under Louisiana law, "[a] compromise is a written contract that 'must be interpreted according to the parties' true intent [and] is governed by the same general rules of construction applicable to contracts.'"[20] Louisiana Civil Code article 2046 provides that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[21] Louisiana Civil Code article 3076 further provides that "[a] compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express."

The parties' settlement agreement unambiguously releases Defendant from liability for damages to Plaintiff's house. The compromise provides that Plaintiff released Defendant from all claims that were or could have been brought arising from Hurricane Ida, including claims related to State Farm's adjustment and handling of Plaintiff's

---

[15] R. Doc. 32-2 at p. 4.
[16] *Id.* at pp. 4-5.
[17] R. Doc. 32-1 at p. 6.
[18] *Id.* at p. 7.
[19] *Smith v. Amedisys Inc.*, 298 F.3d 434, 443-44 (5th Cir. 2002).
[20] *Id.* at 444 (quoting *Brown v. Drillers, Inc.*, 630 So.2d 741, 747 n. 8 (La. 1994)).
[21] *Brown*, 630 So.2d at 748.

Hurricane Ida claim.[22] By its clear and explicit terms, the settlement agreement encompasses all liability arising from Plaintiff's Hurricane Ida claims for damages to her home. Accordingly, Plaintiff's claims arising out of the original action—including her claim for recoverable depreciation—are barred by the release, and Defendant is entitled to summary judgment on those claims.

Plaintiff also seeks penalties, costs, and attorneys' fees under La. R.S. 22:1892, alleging Defendant acted in bad faith by failing to pay the settlement amount within 30 days of the settlement conference. The statute provides that an insurer's "failure to make [a settlement] payment within thirty days after written agreement or settlement when the failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty . . . as well as . . . reasonable attorney fees and costs."[23] In addition, Plaintiff alleges that Defendant acted in bad faith under the settlement agreement itself by failing to tender the settlement proceeds within 20-days.[24]

The Court finds that, based on the undisputed evidence of this action, Defendant did not act arbitrarily, capriciously, or without probable cause. It is undisputed that the settlement agreement was executed on June 7, 2024,[25] and that Plaintiff received and accepted Defendant's settlement check eleven days later, on June 18, 2024.[26] Accordingly, Defendant timely tendered payment within eleven days of execution, rendering the payment timely under both the settlement agreement and La. R.S. 2:1892. Defendant is entitled to summary judgment that it did not act in bad faith and that Plaintiff's claims for penalties, costs, and attorneys' fees therefore fail as a matter of law.

---

[22] R. Doc. 32-1 at p. 4.
[23] La. R.S. 22:1892(B)(1)(a).
[24] R. Doc. 1 at pp. 9-10.
[25] R. Doc. 32-1 at p. 6.
[26] *Id.* at p. 7.

4

5

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment[27] is **GRANTED**.[28]

**New Orleans, Louisiana, this 29th day of December, 2025.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 40.
[28] Additionally, because this order grants summary judgment in Defendant's favor, the pending motion to dismiss and ex parte motion for a telephone status conference are **DENIED AS MOOT**. R. Doc. 38; R. Doc. 43.